UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRE J. SEARCY,

    Plaintiff,

v.   Case No.:  2:22-cv-718-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

This cause is before the Court on Plaintiff Andre J. Searcy's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d). (Doc. 26). Plaintiff requests that the Court enter an order awarding attorney fees of $8,996.56 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the Court finds that Plaintiff's request will be **GRANTED**.

For Plaintiff to receive an award of fees under EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would

make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met, and on review, all the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel spent 37 hours in EAJA related representation of Plaintiff before this Court. (Doc. 26-1, p. 18-20). After reviewing the description of services provided, the Court determines that 37 hours is reasonable here.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford*

*v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting an hourly rates of $234.95 for 2022, and $243.57 for 2023, for counsel here. (Doc. 26-2, p. 19). The Court finds these hourly rates are reasonable. Accordingly, the Court will award Plaintiff's attorney fees totaling $8,996.56.

Plaintiff attached an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court. (Doc. 26-2). In the Agreement, Plaintiff assigns his right to any attorney fees awarded under EAJA to his attorney. Rather than ordering fees be paid directly to counsel, the trend appears to be toward leaving the matter to the discretion of the Commissioner. *See Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *4 (M.D. Fla. Oct. 7, 2022) (collecting cases). The Court will follow this trend.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 26) is **GRANTED**.

(2) Attorney fees totaling $8,996.56 are awarded to Plaintiff.

(3) The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(4) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on November 9, 2023.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties